## FITZGERALD vs. CHRISTL.

1. A mere separation of partnership property, and a taking into possession by each of the partners of the portion which it was agreed should be his upon the execution of an agreement between them, does not divide it, or vest the title in the individual partners until the agreement is executed.

2. Where one of the partners refuses to execute such agreement, and he is enjoined from disposing of the partnership property, the mere separation of the property, and his having it in his possession, will not relieve him from an attachment for contempt, in selling it and taking the proceeds to his own use.

3. Nor does it relieve him that counsel, without the papers necessary to form an opinion, or time to deliberate upon the question, and hearing only such partner's version of the affair, expressed an opinion that the injunction did not restrain him from disposing of the property.

The argument was was upon a rule to show cause why an attachment for contempt should not issue against the defendant. The alleged contempt was the violation of an injunction issued in this cause, and served upon the defendant, Christl, forbidding him to sell or dispose of partnership property belonging to him and the complainant; and also a refusal to comply with an order made in this cause directing him to deliver partnership property in his hand to a receiver, and to pay to the receiver debts due to the partnership collected by him.

Depositions taken under an order for that purpose by both parties, were read and relied on in the argument.

*Mr. A. P. Condit*, for complainant.

*Mr. W. B. Guild*, for defendant.

THE CHANCELLOR.

The complainant and defendant were partners in the manufacture of jewelry. The article of partnership provided that either party could dissolve the partnership upon sixty

days notice in writing. On the 15th day of June, 1868, Christl gave notice to the complainant for a dissolution in sixty days. On the 1st day of September, 1868, the parties agreed upon the terms of dissolution, and the division of the property. By the proposed division Christl was in debt to the complainant $2600, which, by the agreement, was to be secured to the complainant by mortgage. This agreement was to be reduced to writing, and signed by both parties. When it was reduced to writing, the defendant refused to sign it, and he refused to give the mortgage required by the agreement. The property which, by the agreement, was to belong to each partner, was put in separate drawers of the safe, and each had the key of the drawer in which the part that was to be his was placed. The defendant refusing to execute the agreement and to give the required security, the agreement was of course not obligatory on the complainant, and had not efficacy to divide the partnership property.

In October, the complainant filed a bill for relief, and an injunction was issued restraining the defendant from collecting or receiving the debts due to the firm, and from using or disposing of the property of the firm. This injunction was duly served on the defendant. On the 5th of January, 1869, an order was made in the cause that the bill be taken as confessed against the defendant; also, another order appointing B. B. Douglas receiver, and directing each party respectively to deliver to the receiver the goods of the partnership under his control, or to account to the receiver for the value thereof.

The defendant, after the service of the injunction, sold and disposed of a large part of the partnership effects; and after the service of the order, although he delivered part of those effects which he had not sold, he did not pay over to the receiver the value of those which he had sold.

The defendant contends that he is not guilty of a breach of the injunction, because the articles which he disposed of were those which had been divided and given over to him, and were his separate property; and that he was advised by

his counsel, to whom he showed the injunction, that he might dispose of them; so that if he did violate the injunction, it was done ignorantly, without any intention to disobey or contemn the commands of the court.

The agreement to divide was only inchoate; it was never executed. This, when it is intended by the parties as part of the arrangement, is necessary to give effect to the agreement. A mere separation of partnership property, for the purpose of a division proposed to be executed, does not divide it, or vest the title in the individual partners, until the agreement is complete and executed.

The defendant knew that the complainant insisted on the execution of the agreement of dissolution, and of the mortgage, as necessary to give effect to the division, and to give to each his title to the property. In this situation, a bill was filed setting out the whole case and the insistments of the complainant, and the injunction was served upon the defendant, restraining the sale of the partnership property. It seems to me that it was impossible for him to misunderstand the object of this under the facts known to him. He could not have supposed that it was for the purpose of restraining his selling the part set off for the complainant, or any part not claimed to be his own. The consultation with his counsel was for this purpose a farce. He called him to the door of the court-room in which he was engaged in trying a cause, showed him the injunction without the bill or the unexecuted agreement, and told him his version of the facts of the division; and his counsel, without the papers necessary to form an opinion, or time to deliberate upon the question, in this hasty manner gave, no doubt honestly, his impression as to the effect of the injunction. The opinion was satisfactory to him, and relying upon it to save him from the consequences, without further consultation he proceeded to violate what he must have known was both the spirit and letter of the injunction. The injunctions of this court would be of little avail to suitors if they could be disregarded in this way with impunity.

The defendant must be adjudged in contempt.